UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE WAYNE EVERETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5302** |
| **ATLANTIC SOUNDING CO., INC., ET AL.** | **SECTION "L" (2)** |

## ORDER

Before the Court are the Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint for Damages (Rec. Doc. 8) and Motion for Sanctions (Rec. Doc. 27). For the following reasons, the Motion to For Leave to File First Supplemental and Amended Complaint for Damages IS GRANTED and the Motion for Sanctions IS DENIED.

**I.     BACKGROUND**

The Plaintiff, a seaman, alleges that he was dragging a hose up a flight of stairs onboard the Defendant's vessel when he slipped and fell in water that had accumulated on the deck due to heavy morning fog. On September 6, 2007, the Plaintiff filed suit under the Jones Act, electing a trial by jury as to all issues. Shortly after filing the complaint, the Plaintiff moved to sever his maintenance and cure claims, requesting an expedited trial as to those claims. The Court granted the request and set an expedited hearing date for the Plaintiff's maintenance and cure claims. It soon became clear, however, that there were additional issues that would need to be addressed regarding maintenance and cure, so on July 11, 2008, the Court ordered that the maintenance and cure issues be tried jointly with the liability issues.

On July 28, 2008, the Plaintiff moved for leave to file an amended complaint, seeking to request a bench trial as to all issues. The Plaintiff argues that he has a right to amend the complaint and withdraw his previous jury demand because his claims sound in admiralty and he

1

has not pled diversity jurisdiction. The Defendant opposes the motion, arguing that the diversity of the parties—irrespective of whether the Plaintiff has pled diversity—entitles the Defendant to a trial by jury. Further, the Defendant contends that allowing the Plaintiff to withdraw his jury demand at this stage would result in undue prejudice to the Defendant, because the Defendant has conducted depositions for use "before a jury, not a judge."

On August 5, 2008, after the parties repeatedly disagreed about the proper course of discovery, the Plaintiff filed a motion for sanctions against the Defendant. The Plaintiff alleges that the Defendant willfully withheld documents and purposely delayed the course of discovery by lying about the availability of documents. The Defendant counters that sanctions are inappropriate and that the Defendant has given all available discovery to the Plaintiff as soon as it has become available. The Defendant argues that Plaintiff's counsel repeatedly requests documents that have already been produced or claims to have requested documents that were never requested. Further, the Defendant contends that several of the documents requested belong to parties other than the Defendant and are simply unavailable to defense counsel.

**II.    Law and Analysis**

    **A. Motion for Leave to Amend**

Rule 9(h) of the Federal Rules of Civil Procedure provides that when "a claim for relief is within the [court's] admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of … [Rule] 38(e)." FED.R.CIV.P. 9(h). Rule 38(e) provides that there is no constitutional right to a trial by jury for claims that fall within the courts' admiralty or maritime jurisdiction. FED.R.CIV.P. 38(e). Pursuant to Rule 15, after responsive pleadings have been filed, the Plaintiff may amend his complaint "only with the opposing party's written

consent or the court's leave.  The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(1)(B).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant … undue prejudice to the opposing party by virtue of allowance of the amendment, [etc.]—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is well settled that the Jones Act gives only the seaman-plaintiff the right to choose a jury trial.  *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1215-17 (5th Cir. 1986).  When a plaintiff alleges only general maritime and Jones Act claims, the existence of factual diversity between the parties will not give rise to the defendant's legal right to a jury trial.  *Id.*  In *Rachal*, the Fifth Circuit held that a plaintiff may amend his maritime complaint to withdraw a jury demand when the plaintiff had not previously invoked the court's diversity jurisdiction.  *Id.*  After originally requesting a jury trial under the Jones Act, the plaintiff in *Rachal* moved to amend his complaint and withdraw his jury demand approximately one year after initially filing the complaint.  *Id.* at 1215.  The defendant objected to the plaintiff's proposed amendment, arguing that the plaintiff's initial jury demand, coupled with the fact that the parties were diverse, entitled the defendant to a trial by jury.  *Id.*  The Fifth Circuit disagreed.  *Id.* at 1217.  Holding that the plaintiff could amend his complaint and withdraw the previous jury demand, the court explained that the defendant did not have a constitutional right to a trial by jury when the plaintiff had pled only general maritime and Jones Act claims, regardless of whether factual diversity existed between the parties.  *Id.* at 1217.

In the instant case, the Defendant argues that factual diversity between the parties gives rise to a legal right to a jury trial, precluding the Plaintiff from withdrawing his previously asserted jury demand.  In light of clear Fifth Circuit precedent, however, the Defendant's

3

argument rings hollow.  When the plaintiff has pled solely Jones Act and general maritime claims, factual diversity alone will not give the defendant a legal right to a jury trial.  *Rachal*, 795 F.2d at 1214-17.  Because the plaintiff is the master of his complaint, he alone "has the exclusive power to invoke diversity jurisdiction."  *Becker v. Tidewater, Inc.,* 405 F.3d 257, 259 (5th Cir. 2005).  If the plaintiff chooses not to invoke diversity jurisdiction and instead pleads only Jones Act and general maritime claims, "the possible factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction."  *Id.*  The Defendant's reliance on *Johnson v. Penrod Drilling Co.*, 469 F.2d 897, 899 (5th Cir. 1972) is misplaced, as the plaintiff in that case had specifically invoked the court's diversity jurisdiction.

The Defendant has similarly failed to show how the Plaintiff's proposed amendment will result in undue prejudice or delay.  The Defendant does not allege that the Plaintiff's proposed amendment will prevent the Defendant from presenting evidence or making his case.  Rather, defense counsel argues only that he prepared depositions for use before a jury and not a judge, without explaining how his preparations may have differed if the Plaintiff had never requested a jury trial.  Due to the unique circumstances surrounding the Plaintiff's maintenance and cure claims, however, as well as several other factors beyond counsel's control, the Plaintiff acted reasonably in seeking leave to amend shortly after the maintenance and cure claims were reconsolidated with the issues of liability and negligence.  As a result, the Court finds that the Plaintiff should be granted leave to amend his complaint and withdraw his previous jury demand.

**B.  Motion for Sanctions**

In requesting that the Court impose sanctions upon the Defendant, the Plaintiff alleges that the Defendant has willfully withheld documents and intentionally delayed the course of discovery.  The Plaintiff requests, *inter alia*, that the Court enter a judgment of default against

the Defendant; or, alternatively, that the Defendant be precluded from presenting expert testimony; that the Court assess a significant fine against the Defendant; and that the Defendant be held responsible for any costs associated with retaking depositions as well as the Plaintiff's costs associated with filing the motion for sanctions.

When it became clear that the parties in this action were repeatedly disagreeing over the proper course of discovery, the Court began closely monitoring the parties' efforts to engage in good-faith discovery. As a result of holding regular status conferences with the attorneys to address any disputes that have arisen over the past several months, the Court is now very familiar with this matter as well as the various difficulties and challenges faced by each party throughout the course of discovery. Recently, the parties have managed to resolve many of their discovery disputes. The Defendant is participating in good faith and any remaining disputes appear to be the result of factors that are beyond defense counsel's control. The Court will continue to monitor the situation closely, but imposing sanctions against defense counsel at this time would be both unnecessary and inappropriate.

**III.    Conclusion**

For the reasons stated above, the Plaintiff's Motion for Leave to File an Amended Complaint IS GRANTED and the Motion for Sanctions IS DENIED.

New Orleans, Louisiana, this  25th   day of   September  , 2008.

_____
UNITED STATES DISTRICT JUDGE